THE CENTRAL NATIONAL INSURANCE CO. OF OMAHA, APPELLEE,
v. GARRISON, JR., APPELLANT.

(No. 6522—Decided June 27, 1961.)

*Mr. Curtis H. Porter* and *Mr. Hamilton S. Hedges*, for appellee.

*Mr. Walter S. Barrett, Jr.*, for appellant.

*Per Curiam.* The defendant-appellant was involved in an automobile accident on or about May 28, 1954, and on June 22, 1955, the plaintiff, the insurer of the driver of the other car, filed an action in the Municipal Court of Columbus, Ohio, against the defendant, and with the petition filed a praecipe asking that the defendant be served at 94 East Russell Street, Columbus, Ohio, and that the summons carry the endorsement, "Action for money, amount claimed $142.78 and for costs." Regular mail service was attempted by the bailiff's office of that court and it was returned because the defendant had removed himself from 94 East Russell Street.

The plaintiff then filed a new praecipe, addressed to the clerk of the court, in which he stated, "Please issue alias summons upon the defendant through the Secretary of State in accordance with Ohio Revised Code, Section No. 2703.20, *et sequel*, in the above entitled case." The bailiff's office thereupon served a summons upon the Secretary of State on the 19th day of August 1955, and on August 22, 1955, sent by registered mail, return receipt requested, a letter containing a summons to the defendant at 94 East Russell Street, Columbus, Ohio. This letter was returned to the sender undelivered, and the envelope shows the address, 94 East Russell Street, was crossed out and below it in pencil was written "1371 Madison Ave. Apt. 4." The envelope also shows that the letter was returned to the sender because of the following request appearing upon the

envelope, "Do not forward. If addressee is not at this address return at once to Bailiff's Office of the Civil Division of the Columbus Municipal Court, Columbus, Ohio. This envelope contains a LEGAL WRIT from the Columbus Municipal Court, Columbus, Ohio."

The return of the bailiff shows that on August 15, 1955, the summons was served on the defendant, James E. Garrison, Jr., by delivering to the Secretary of State of the state of Ohio a copy of the summons, and "by mailing a true and certified copy thereof with all endorsements thereon to him at usual place of residence 94 E. Russell St., Columbus, O." The transcript of the docket indicates that on September 15, 1955, the return was amended to show that "the within named James E. Garrison not found in my bailiwick."

On November 23, 1955, a default judgment was rendered against the defendant for the amount claimed in the petition, and on January 6, 1956, judgment was certified to the Bureau of Motor Vehicles. On March 27, 1956, the judge who entered the default judgment made the following entry: "Judgment set aside on motion of counsel for defendant. Service of summons found wanting."

On November 20, 1957, the attorney for the plaintiff filed a written motion asking the court to set aside the entry of March 27, 1956. On December 11, 1957, the same judge wrote the following entry on the half-sheet: "Motion setting aside order dated Mar. 27, '56, setting judgment dated Nov. 23, '55, heard and found well taken. Said motion is hereby granted and the original judgment dated Nov. 23, '55 is hereby reinstated." (See separate journal entry.) The separate entry was filed on January 28, 1958.

The attorney for the defendant filed a motion on June 8, 1960, asking the court "to esponge [sic] the entry of the December 11, 1957, and to dismiss this matter for the reason that the defendant was never served with summons." Another judge of the Municipal Court heard this motion on June 23, 1960, at which time he wrote the following entry: "Motion of June 8, 1960, sustained. Judgment set aside. Case dismissed and with prejudice at costs of plaintiff." On July 1, 1960, the same judge made the following entry on the motion: "Oral motion by plaintiff to set aside order of June 23, 1960, heard with coun-

sel Curtis H. Porter for plaintiff present and Walter S. Barrett Jr. for defendant present. Order of June 23, 1960, is hereby set aside and held for naught. Judgment of Dec. 11, 1957, is hereby reinstated.''

Defendant thereupon filed his notice of appeal to this court and in his assignments of error stated that the Municipal Court erred in setting aside its order dated March 27, 1956, and reinstating the judgment of November 23, 1955; and also in its order of July 1, 1960, when it reinstated the judgment of December 11, 1957. The appellant's main objection is that all these proceedings in the Municipal Court took place without the defendant being summoned and, therefore, the court did not have jurisdiction in this matter. Section 2703.20 of the Revised Code provided as follows:

''Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the Secretary of State of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved.''

There is nothing in the file to indicate that the defendant was a nonresident of the state, nor that he, being a resident of the state, subsequently became a nonresident or concealed his whereabouts. Even if that be true, then the second paragraph of Section 2703.20, Revised Code, must be complied with. It provides as follows:

''Such process shall be served, by the officer to whom the same is directed, or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of State by leaving at the office of the Secretary of State, at least fifteen days before the return day of such process, a true and attested copy thereof, and

by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said Secretary of State, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

It does not appear that the plaintiff informed the bailiff as to the last known address of the defendant and the bailiff sent the summons to his "usual place of residence," where they knew he did not reside and where the registered-letter envelope shows that he had a subsequent address at 1371 Madison Avenue, Apt. 4. It would appear that the service of summons upon the defendant was not in accordance with the statute and judgment was properly vacated by the motion of March 27, 1956. See *Lincoln Tavern, Inc.,* v. *Snader,* 165 Ohio St., 61.

Since the record showed on that date that a true and attested copy of service upon the Secretary of State was never sent to the defendant by registered mail at his last known address, and was not even delivered to the address on the envelope because he had moved to Madison Avenue and the instructions of the bailiff were plain that the letter was not to be forwarded, a subsequent judgment could be taken only after proper service of summons upon the defendant.

The judgment of the trial court will be reversed and all judgments entered in this case will be vacated for the failure to obtain a valid service of summons upon the defendant.

*Judgment reversed.*

Duffey, P. J., Duffy and Bryant, JJ., concur.